IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF AMERICA, | : : : |
| Plaintiff, | : : |
| v. | :  CIVIL ACTION NO. |
| | :  2:13-CV-00214-RWS |
| RICHARD RUSSELL, as Administrator of the Estate of LEONARD W. CRAIG, Deceased, DOROTHY CRAIG, PRECISION TAPPING, INC., JOYCE CONNER and ALLMERICA FINANCIAL ALLIANCE INSURANCE COMPANY, | : : : : : : : : : |
| Defendants. | : |

# **ORDER**

This case comes before the Court on Defendant Allmerica Financial Alliance Insurance Company's ("Allmerica") Motion for Summary Judgment [40] and Plaintiff's Motion for Leave to File Sur-Reply Brief in Opposition to Defendant's Motion for Summary Judgment ("Motion for Leave to File Sur-Reply") [52]. After a review of the record, the Court enters the following Order.

## Background[1]

This case arises out of a dispute about insurance coverage in connection with an automobile accident and subsequent lawsuit filed in state court. Selective Insurance Company ("Selective") brings this declaratory judgment action seeking a declaration of its rights and duties under an insurance policy issued to Precision Tapping, Inc. ("Precision Tapping"). Relevant to the present motion, Plaintiff names Allmerica Financial Alliance Insurance Company ("Allmerica") as Defendant in its Complaint. Allmerica and Selective dispute which party's policy affords coverage for the automobile accident forming the basis of the underlying suit.[2]

On September 26, 2011, automobiles driven by Defendant Joyce Conner

---

[1] Unless otherwise indicated, the Court relies on the statement of facts submitted by Defendant in support of its Motion for Summary Judgment. If, however, a fact is disputed, the Court views all evidence and factual inferences in the light most favorable to Plaintiff as the non-moving party, as the Court must on a motion for summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[2] Defendant Richard Russell, as Administrator of the Estate of Leonard W. Craig and Defendant Dorothy Craig filed a suit against Ms. Conner and Precision Tapping in Barrow County Superior Court, bringing claims for wrongful death and pain and suffering, loss of consortium, and burial and funeral expenses. (Russell v. Conner, 13cv-1104-B (Sup. Ct. of Barrow Cnty. Aug. 16, 2013), Dkt. [1-4].) Claims against Precision Tapping are premised on respondeat superior liability. (Id. ¶ 5.)

and Defendant Dorothy Craig collided in an accident that resulted in the death of Leonard W. Craig.  (Allmerica's Statement of Undisputed Material Facts in Supp. of Mot. for Summ. J. ("Allmerica's SOMF"), Dkt. [40-2] ¶¶ 2-3.)  At the time of the accident, Ms. Conner was operating a 2005 Nissan Xterra, Vehicle No. 5N1ANOBU15C630155 (the "Xterra").  (Id. ¶ 5.)  The parties dispute who owned the Xterra at the time of the accident.

Ownership is disputed because on the day of the accident, Ms. Conner went to the Department of Motor Vehicles ("DMV")[3] with the intent to transfer title of the Xterra from Precision Tapping into her own name.  (Pl.'s Statement of Add'l Material Facts That Present a Genuine Issue for Trial ("Pl.'s SOMF"), Dkt. [45-1] ¶ 4.)  Ms. Conner informed the DMV of her wish to transfer the title, signed the certificate of title, and paid for the transfer.  (Id. ¶ 5.)  The accident occurred after Ms. Conner left the DMV.

In addition to ownership at the time of the accident, the parties dispute whether Ms. Conner was acting as an employee of Precision Tapping and

---

[3] The Court takes notice that the parties refer in their filings to the Georgia "Department of Motor Vehicles." The Court is unsure whether the parties mean to refer to the Department of Driver Services or the Department of Revenue, but for the purposes of this Order, will refer to the entity as the parties do, as the "DMV".

3

whether the Xterra was an automobile covered by Policy No. S190948101 issued by Selective (the "Selective Policy"). Selective asserts that Ms. Conner was traveling to her mother's house at the time of the accident, and therefore that she was not conducting any business for Precision Tapping. (Id. ¶¶ 8-15.) Allmerica relies on Ms. Conner's use of the Xterra as her "mobile office" to support its contention that Ms. Conner was acting as an employee of Precision Tapping at the time of the accident. (Allmerica's SOMF, Dkt. [40-2] ¶ 7.) The Selective Policy provides that "Insureds" under the policy includes Precision Tapping, anyone using a covered automobile owned by Precision Tapping, and "Your 'employee' if the covered 'auto' is owned by that 'employee' or a member of his or her household." (Id. ¶ 10.) Accordingly, Allmerica asserts that Selective is responsible for primary coverage under the terms of the Selective Policy. Selective, however, states that Allmerica's policy provides coverage for "newly acquired autos" and therefore Allmerica bears primary responsibility. (Pl.'s SOMF, Dkt. [45-1] ¶ 16.)

Allmerica now moves the Court for summary judgment, seeking a declaration that (1) Selective's insurance policy affords coverage for the accident, (2) Selective has a duty to defend and indemnify Ms. Conner and

4

Precision Tapping in the underlying lawsuit, and (3) Selective bears the primary responsibility for coverage.  Defendants Richard Russell, as Administrator of the Estate of Leonard W. Craig, Deceased, and Dorothy Craig support and join in Allmerica's Motion for Summary Judgment.  (Dkt. [44].)  Selective responds in opposition.  The Court first sets forth the relevant legal standard before turning to the parties' arguments.

## I.     Legal Standard – Summary Judgment

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a

5

genuine issue of material fact does exist. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257 (1986).

The applicable substantive law identifies which facts are material. <u>Id.</u> at 248. A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law. <u>Id.</u> An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Id.</u> at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. <u>Patton v. Triad Guar. Ins. Corp.</u>, 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences that are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50 (internal citations omitted); <u>see also</u> <u>Matsushita</u>, 475 U.S. at 586 (once the moving party has met

6

its burden under Rule 56(a), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

## II. Analysis

As an initial matter, the Court will consider in its analysis the arguments Allmerica makes in its Reply [49]. Courts generally do not consider issues raised for the first time in a reply brief, but the Court has the discretion to do so. See Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1352 n. 11 (11th Cir.2009). Accordingly, the Court will consider Allmerica's arguments and **GRANTS** Plaintiff's Motion for Leave to File Sur-Reply [52]. Where relevant, the Court will consider the arguments submitted in Selective's sur-reply brief [52-1].

### A. Duty to Defend

First, the Court finds that Selective has a duty to defend in the underlying suit. "An insurer's duty to defend and its duty to indemnify are separate and independent obligations." City of Atlanta v. St. Paul Fire & Marine Ins. Co., 231 Ga. App. 206, 208, 498 S.E.2d 782, 785 (1998). "An insurer must defend its insured against any claim that *potentially* falls within the scope of its policy." Auto Owners Ins. Co. v. Unit Owners Ass'n of

7

Riverview Overlook Condo., Inc., No. 1:13-CV-3012-TWT, 2014 WL 5465286, at *2 (N.D. Ga. Oct. 28, 2014) (citing Shafe v. American States Ins. Co., 288 Ga. App. 315, 317, 653 S.E.2d 870 (2007)) (emphasis added).  The parties do not appear to dispute that Ms. Conner was an employee of Precision Tapping at the time of the accident, even though they do dispute whether she was acting within the scope of her employment.  (Pl.'s Resp. & Objections to Allmerica's SOMF, Dkt. [46] ¶ 7.)  Therefore, even if ownership of the Xterra transferred from Precision Tapping to Ms. Conner prior to the accident, Ms. Conner is an "insured" under the Selective Policy, which provides that the term "Insureds" includes: "Your 'employee' if the covered 'auto' is owned by that 'employee' or a member of his or her household."  (Allmerica's SOMF, Dkt. [40-2] ¶ 10; the Selective Policy, Dkt. [1-2] at 35.)  Accordingly, Allmerica's motion for summary judgment is **GRANTED** as to this issue, and the Court **DECLARES** that Selective has a duty to defend even though it may not have a duty to indemnify.

B.   Duty to Indemnify and Primacy of Coverage

Having ruled that Selective has a duty to defend in the underlying suit, the Court now **DENIES** the balance of Allmerica's Motion for Summary

8

Judgment. The Court cannot definitively conclude on the present record whether Selective's insurance policy covered the Xterra at the time of the accident. Nor can the Court conclude which policy must provide primary coverage. Determination of these questions turns on the resolution of two disputed issues of material fact: (1) who owned the Xterra at the time of the accident and (2) whether Ms. Conner was acting as an employee of Precision Tapping at the time of the accident.

The Court finds that the Superior Court of Barrow County is in the best position to determine these questions, and therefore **STAYS** the present action pending resolution of the underlying law suit.

Well-settled law provides that the Declaratory Judgment Act, pursuant to which Plaintiff brings this action, is properly "understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). To that end, the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." Id. at 287 (citations omitted). It gives federal courts the ability to make a declaration of rights, but it does not impose

9

a duty to do so.  Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942).

Under the Declaratory Judgment Act, district courts have "unique and substantial discretion" to decide whether to take action and declare the rights of interested parties.  Wilton, 515 U.S. at 283.  Indeed, the Supreme Court has cautioned that in certain cases, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties."  Id. at 495.  In addition, the Eleventh Circuit has provided guidance for district courts, listing several factors to be considered in balancing these competing interests:  "(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'–that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and

10

state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." Ameritas Variable Life Ins. v. Roach, 411 F.3d 1328, 1331 (11th Cir. 2005).

The Court finds that the balance of these factors weighs in favor of resolution of the remaining factual issues by the state court.  Adjudicating the remainder of this declaratory judgment action may encroach on the state proceedings and cause friction between the federal and state judiciaries.  Cf. Philadelphia Indemnity Ins. Co. v. AGCO Corp., No. 1:10-cv-4148-TWT, 2011 WL 2652139 (N.D. Ga. July 6, 2011); Essex Ins. Co. v. Foley, No. 10-0511-WS-M, 2011 WL 290423 (S.D. Ala. Jan 27, 2011).

The federal courts have no special interest in resolving the coverage issues presented in this action.  See Westchester Surplus Lines Ins. Co. v.

11

Romar House Ass'n Inc., 2008 WL 5412937 at *2 (S.D. Ala. Dec. 29, 2008) (quoting State Auto Ins. Co. v. Summy, 234 F.3d 131, 136 (3rd Cir. 2000)) ("The desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum.") Rather, this case presents issues of Georgia law–including ownership of the Xterra and Ms. Conner's status as an employee of Precision at the time of the accident.  Those issues will likely be resolved in the underlying law suit. Judgment on those issues in this action would not settle the underlying controversy.  Of utmost importance, this Court hopes to avoid a ruling on a factual issue that could be at odds with a later ruling by the state court, which is, moreover, in a better position to determine those issues at trial than this Court is at summary judgment.

      The Court stays, rather than dismisses, this action.  The Court recognizes that this action does not fall squarely within the category of cases contemplated by Ameritas, given that Selective and Allmerica are not parties in the underlying law suit.  Cf. Philadelphia Indemnity Co., 2011 WL 2652139 at *2-*3 (collecting cases finding that where insurer is not party to state court action and state suit does not involve insurer's coverage obligations, state court

12

proceedings are related but not parallel). However, the Court is confident that it acts well within the broad discretion conferred by Brillhart and its progeny in staying this action. Wilton, 515 U.S. at 288 ("If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action.").

## Conclusion

For the foregoing reasons, Allmerica's Motion for Summary Judgment [40] is **GRANTED** in part and **DENIED** in part, and the Court **DECLARES** that Selective has a duty to defend in the underlying action. The Court **STAYS** this action pending resolution of the underlying action in Barrow County Superior Court.

**SO ORDERED**, this 6th day of July, 2015.

_____
**RICHARD W. STORY**
United States District Judge